















MNA    12/20/02    10:13

3:02-CV-02497    HUBBARD V. RITE AID CORPORATION

*1*

*CMP.*

1

LYNN HUBBARD, III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
**LAW OFFICES OF LYNN HUBBARD**
12 WILLIAMSBURG LANE
CHICO, CA. 95926
(530) 895-3252

Attorney for Plaintiffs



FILED

DEC 1 8 2002

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

2

3

4

5

6

7

8

9

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

LYNN J HUBBARD, BARBARA J.
HUBBARD

Plaintiffs,

vs.

RITE AID CORPORATION; THE
CIUFFO FAMILY TRUST B, ET AL;
AVOCADO PLAZA, L.L.C. and DOES
1 through 20,

Defendants.

14

15

16

17

18

19

20

21

No. '02 CV 2497 J (JAH)

**COMPLAINT FOR DECLARATORY,
INJUNCTIVE, AND MONETARY
RELIEF:**
- Americans With Disabilities Act
- California Disabled Persons Act
- California Unruh Act
- Health and Safety Code Part 5.5
- Unfair Business Practices Act
- Negligence

22

23

24

25

26

27

28

**Plaintiffs' Complaint**



**Hubbard v. Rite Aid, et al**

Page 1

ORIGINAL

# I. INTRODUCTION

1.   On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"),[1] establishing the most important civil rights for persons with disabilities in our country's history.

2.   The Congressional statutory findings include:

Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;[2]

Discrimination against individuals with disabilities persists in such critical areas as...public accommodations,...and access to public services;[3]

[I]ndividuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;[4]

Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, [and] failure to make modifications to existing facilities and practices;[5]

The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;[6] and

The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.[7]

3.   Congress went on to state explicitly the purpose of the ADA, to be:

To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;[8]

To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;[9] [and]

---

[1]   42 USC §12101 *et seq.*
[2]   42 USC §12101(a)(2).
[3]   42 USC §12101(a)(3).
[4]   42 USC §12101(a)(4).
[5]   42 USC §12101(a)(5).
[6]   42 USC §12101(a)(8).
[7]   42 USC §12101(a)(9).
[8]   42 USC §12101(b)(1).
[9]   42 USC §12101(b)(2).

**Plaintiffs' Complaint**                                          **Hubbard v. Rite Aid, et al**

Page 2

> To invoke the sweep of congressional authority, ... in order to address the major areas of discrimination faced day-to-day by people with disabilities.[10]

4.      Congress gave commercial businesses one and a half (1½) years to implement the ADA. The effective date of Title III of the ADA[11] was January 26, 1992.

5.      This is a civil rights action by Plaintiffs, Lynn J Hubbard, Barbara J. Hubbard ("Plaintiffs") for discrimination at the building, structure, property, land, development, facilities, paths of travel to or from, and/or surrounding business complex known as:

> Rite Aid # 5625                              (the Store)
> 1135 Avocado Ave.
> El Cajon, Ca 92021

6.      The Store constitutes public facilities and public accommodations, within the meaning of the Health and Safety Code Part 5.5[12], the Disabled Persons Act, the Unruh Act, and Title III of the ADA.[13]

RITE AID CORPORATION; CIUFFO FAMILY TRUST B, ET AL; AVOCADO PLAZA, L.L.C. and DOES 1 through 20, ("Defendants"), have not brought the Store within the statutory and regulatory requirements of the California State Building Code Part 1, Part 2 ("Title 24"), the Americans With Disabilities Act Accessibility Guidelines ("ADAAG")[14], and the Uniform Building Code ("UBC").

7.      Plaintiffs seeks relief from this Court in the form of monetary, declaratory, punitive and injunctive relief against Defendants to end the ongoing discrimination pursuant to:

- The Americans With Disabilities Act of 1990;[15]

---

[10]   42 USC §12101(b)(4).
[11]   42 USC §12181 *et seq.*
[12]   Health and Safety Code §§19955 *et seq.*
[13]   42 U.S.C. §12101 *et seq.*
[14]   28 C.F.R. part 36, Appendix A.
[15]   42 USC §12101 *et seq.*

**Plaintiffs' Complaint**                              **Hubbard v. Rite Aid, et al**

- Health and Safety Code Part 5.5;[16]
- The Unruh Act;[17]
- The Disabled Persons Act;[18]
- The Unfair Business Practices Act;[19] and
- Negligence.[20]

## II. JURISDICTION

This Court has original jurisdiction under 28 U.S.C. §§1331 and 1343 for ADA claims and supplemental jurisdiction under 28 U.S.C.§ 1367 for claims brought under parallel California law, arising from the same nucleus of operative facts and transactions.

8.    Plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202.

## III. VENUE

9.    Defendants reside within the jurisdiction of the United States Court, Southern District, State of California. All actions complained of herein take place within the jurisdiction of the United States Court, Southern District, State of California. Accordingly, venue is invoked pursuant to 28 U.S.C. §1391(b), (c).

## IV. PARTIES

10.    Plaintiffs have multiple disabilities. Plaintiffs require the use of electric scooters when traveling about in public.

11.    Plaintiffs are "persons with physical disabilities," as defined by all applicable California and United States laws.

12.    Consequently, Plaintiffs are members of that portion of the public whose rights are protected by the provisions of Health and Safety Code Part 5.5,

---

[16]   California Health and Safety Code §§19955 *et seq.*
[17]   California Civil Code §§51, 51.5, and 52.
[18]   California Civil Code §§54, 54.1, 54.3, and 55.
[19]   California Business and Professions Code §§17200 *et seq.*
[20]   California Civil Code §1714.

**Plaintiffs' Complaint**                                                 **Hubbard v. Rite Aid, et al**

1   the Unfair Business Practices Act, the Unruh Civil Rights Act and the Disabled

2   Persons Act.

3       13.   Defendants are owners, operators, lessors and/or lessees of the

4   Store.

5       14.   Defendants are, or consist of, a person or persons, firm or

6   corporations.

7       15.   Plaintiffs do not know the relative responsibilities of each

8   defendant, and alleges a joint venture and common enterprise by all defendants.

9       16.   Plaintiffs are informed and believe that each defendant conspired

10  to commit the acts described herein or, alternatively, aided and abetted one

11  another in the wrongful acts hereinafter alleged.

12      17.   Plaintiffs do not know the true names of each defendant, their

13  business capacities, their ownership connection to the Store, or their relative

14  responsibilities, and alleges a joint venture and common enterprise by all such

15  defendants.

16      18.   Plaintiffs are informed and believe that each defendant is the

17  agent, ostensible agent, master, servant, employer, employee, representative,

18  franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such

19  similar capacity of other defendants. Accordingly, each defendant was acting, or

20  failing to act, within the scope of their authority.

21      19.   Plaintiffs may seek leave to amend when the true names,

22  capacities, connections, and responsibilities of each defendant is ascertained, if

23  the Court deems it necessary.

24                            V. FACTS

25      20.   The Store is a commercial facility, place of public accommodation,

26  public facility, and/or other place that the general public is invited.

27      21.   Defendants have actual knowledge that the Store contains

28  architectural barriers that make it inaccessible.

**Plaintiffs' Complaint**                                **Hubbard v. Rite Aid, et al**

22.    Plaintiffs have actual knowledge that the Store contains architectural barriers that make it inaccessible.

23.    The Store is a facility constructed in this state with private funds.

24.    Ignoring Federal statutes and regulations, and contrary to elementary architectural design, Defendants failed to remove any of the architectural barriers at the Store.

25.    Defendants could make the Store accessible by redesigning or modifying the Store, make reasonable modifications in policies, practices, or procedures, or take whatever steps are necessary to ensure that individuals with physical disabilities, were not treated differently than other individuals.

26.    Plaintiffs were denied equal access to the Store, because Defendants failed to provide access to the Store from public sidewalks, parking, or public transportation. This failure may include, but is not limited to, installing an entrance ramp, widening entrances, reducing door pressure, and providing accessible parking spaces.

27.    Plaintiffs were also denied equal access to the Store, because Defendants failed to provide access to those areas of the Store where goods and services are made available to the public. This failure may include, but is not limited to, adjusting the layout of display racks, widening of doors, rearranging furniture, providing Brailled and raised character signage, providing visual alarms, adding an accessible check-out counter, and installing ramps.

28.    Plaintiffs were also denied equal access to the Store, because Defendants failed to provide access to restroom facilities at the Store. This failure may include, but is not limited to, removal of obstructing furniture or vending machines, widening of doors, installation of ramps, providing accessible signage, widening of toilet stalls and installation of grab bars.

29.    Plaintiffs were denied full and equal access under Federal and state statutes during each visit to the Store.

**Plaintiffs' Complaint**                                     **Hubbard v. Rite Aid, et al**

30. Despite these visits, Plaintiffs were also deterred from visiting the Store, because of actual knowledge that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at the Store was not available to disabled patrons.

31. Plaintiffs have suffered, or anticipate suffering, emotional harm during each actual visit to, or incident of deterrence from visiting, the Store.

32. Plaintiffs would visit the Store, but for the future threat of discrimination by Defendants.

33. Plaintiffs suffered physical discomfort, physical injury, emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, because of this discrimination.

34. All of the injuries suffered by Plaintiffs are expectedly and naturally associated with the denial of equal access to the Store due to the acts and omissions of the Defendants in owning, operating and maintaining these subject public facilities.

35. Plaintiffs rights, as persons with physical disabilities, to full and equal access to public facilities were denied, because of Defendants' failure to provide accessible public facilities.

36. Defendants continue to discriminate against the Plaintiffs.

## VI.  FIRST CLAIM

## VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990

### (Architectural Barriers)

42 U.S.C. §§12182(a), (b)(2)(A)(iv), (b)(2)(A)(v)

42 U.S.C. §§12183(a)(1),(2)

37. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 38 of this complaint.

Plaintiffs' Complaint                                    Hubbard v. Rite Aid, et al

38.    Title III of the ADA holds as a 'General Rule' that:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

39.    Title III of the ADA include 'Specific Prohibitions' against discrimination which include:

- [A] failure to remove architectural barriers,...that are structural in nature, in existing facilities,...where such removal is readily achievable;[21] [and]
- [Where] an entity can demonstrate that the removal of a barrier under clause [42 U.S.C. §12182(b)(2)(A)(iv)] is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

40.    Readily achievable is defined as, "easily accomplishable and able to be carried out without much difficulty or expense."[22]

41.    Plaintiffs allege that it is readily achievable for Defendants to remove the architectural barriers at the Store under the standards set forth in the ADA.

42.    Defendants discriminated against Plaintiffs, and violated the ADA, by failing to remove the architectural barriers that were present at the Store, where such removal was readily achievable.

43.    If it was not "readily achievable" for Defendants to remove the architectural barriers at the Store, then Defendants violated the ADA by failing to make the required services available through alternative methods, which were readily achievable.

44.    Defendants' failure to make the required services available through alternative methods constitutes a violation of Title III of the ADA.[23]

45.    Discrimination for purposes of section 42 U.S.C. §12183(a) of Title III of the ADA includes:

---

[21]   42 U.S.C. §12182(b)(2)(A)(iv).
[22]   28 C.R.F. §36.304(a).
[23]   42 U.S.C. §12182(b)(2)(A).

**Plaintiffs' Complaint**                                    **Hubbard v. Rite Aid, et al**

A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this subchapter;[24] [and]

[A] facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).[25]

46.     On information and belief, construction work on, and modification of, the Store occurred after January 26, 1992, independently triggering access requirements under Title III of the ADA.

47.     To date, Defendants have not made the Store accessible pursuant to Title III of the ADA.[26]

48.     Defendants discriminated against Plaintiffs, as   persons with physical disabilities, by denying Plaintiffs full and equal enjoyment to goods, services, facilities, privileges, advantages, or accommodations, during every visit to the Store.

49.     Every occasion Plaintiffs were deterred from visiting the Store, because of Plaintiffs actual knowledge of the architectural barriers present, constitutes a violation of the ADA.

---

[24]   42 U.S.C. §12183(a)(1).
[25]   42 U.S.C.§12183(a)(2).
[26]   42 U.S.C. §12101 *et seq.*

**Plaintiffs' Complaint**                                          **Hubbard v. Rite Aid, et al**

## VII. SECOND CLAIM

## VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990

## (Non-Architectural Barrier Violations)

### 42 U.S.C. §§12182(b)(1)(A)(i),(ii), 42 U.S.C. §§12182(b)(2)(A)(i),(ii),(iii)

50.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 51 of this complaint.

51.   Title III of the ADA include 'General Prohibitions' against discrimination which include:

- It shall be discriminatory to subject an individual...on the basis of a disability or disabilities of such individual...directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual...to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity;[27] [and]
- It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability...directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.[28]

52.   Title III of the ADA includes other 'specific prohibitions' against discrimination which include:

- The imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability...from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;[29]
- A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;[30] [and]
- A failure to take such steps as may be necessary to ensure that no individual

---

[27]   42 U.S.C. §12182(b)(1)(A)(i)
[28]   42 U.S.C. §12182(b)(1)(A)(ii).
[29]   42 U.S.C. §12182(b)(2)(A)(i).
[30]   42 U.S.C. §12182(b)(2)(A)(ii).

**Plaintiffs' Complaint**                                          **Hubbard v. Rite Aid, et al**

with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;[31]

53.    Defendants also violated the ADA by denying Plaintiffs the opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, or accommodations at the Store, because of Plaintiffs disability.

54.    Defendants also violated the ADA by denying Plaintiffs the opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, or accommodations that is afforded to other non-disabled individuals.

55.    Defendants also violated the ADA by imposing or applying eligibility criteria that screened out or tended to screen out individuals with a disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations at the Store, when this criteria was not necessary.

56.    Defendants also violated the ADA by failing to make reasonable modifications in policies, practices, or procedures, when such modifications were necessary to afford, and would not fundamentally alter the nature of, such goods, services, facilities, privileges, advantages, or accommodations.

57.    Defendants also violated the ADA by failing to ensure that disabled persons were not excluded, denied services, segregated or otherwise treated differently than able-bodied individuals, because of the absence of auxiliary aids and services, when these steps would not result in an undue burden or

---

[31]    42 U.S.C. §12182(b)(2)(A)(iii).

**Plaintiffs' Complaint**                                                    **Hubbard v. Rite Aid, et al**

1  fundamentally alter the nature of the good, service, facility, privilege, advantage,
2  or accommodation.

3    58.    Each of the aforementioned acts that denied Plaintiffs goods,
4  services, facilities, privileges, advantages, or accommodations constitute a
5  separate violation of the ADA.

6    59.    Each time Plaintiffs were deterred from seeking Defendants' goods,
7  services, facilities, privileges, advantages, or accommodations, because of
8  Plaintiffs actual knowledge of Defendants' aforementioned acts, constitutes a
9  separate violation of the ADA.

10    60.    Title III of the ADA states, in part, that:

11
12  The remedies and procedures set forth in section 2000a-3(a) of this title are the
    remedies and procedures this subchapter provides to any person who is being
    subjected to discrimination on the basis of disability in violation of this subchapter
13  or who has reasonable grounds for believing that such person is about to be
    subjected to discrimination in violation of section [42 U.S.C. §12183] of this title. [32]
14

15    61.    Section 2000a-3(a) of Title 42 provides, in part, that:

16  [A] civil action for preventive relief, including an application for a permanent or
    temporary injunction, restraining order, or other order, may be instituted by the
17  person aggrieved[.] [33]
18

19    62.    Plaintiffs seeks injunctive relief, which includes an order to make
20  the Store readily accessible to, and usable by, individuals with disabilities. This
21  includes, but is not limited to, auxiliary aid or service, and the modification of a
22  policy or provision.

23    63.    Plaintiffs seek a finding from this Court, Declaratory Relief, that
24  Defendants violated Title III of the ADA in order to pursue damages under
25  California's Unruh Civil Rights Act and Disabled Persons Act.

26
27

28  [32]   42 U.S.C. §12188(a)(1).
    [33]   42 U.S.C. §2000a-3(a).

**Plaintiffs' Complaint**                                   **Hubbard v. Rite Aid, et al**

Page 12

64.     Plaintiffs seek attorney fees and costs pursuant to Title III of the ADA.[34]

# VIII. THIRD CLAIM

## VIOLATION OF CALIFORNIA DISABLED PERSONS ACT

### California Civil Code §§54, 54.1, 54.3, and 55

65.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 65.

66.     California Civil Code §54 states, in part, that:

> Individuals with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.[35]

> A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section.[36]

67.     California Civil Code §54.1 states, in part, that:

> Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities..., and privileges of ... any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.[37]

> A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.[38]

68.     Plaintiffs are persons within the meaning of California Civil Code §54.1 whose rights have been infringed upon and/or violated by Defendants.

---

[34]   42 U.S.C. §12205.
[35]   California Civil Code §54(a).
[36]   California Civil Code §54(c).
[37]   California Civil Code §54.1(a)(1).
[38]   California Civil Code §54.1(d).

**Plaintiffs' Complaint**                                             **Hubbard v. Rite Aid, et al**

69.     Defendants violated California Civil Code §§54 and 54.1 by denying Plaintiffs safe, immediate and private access to the public facilities at the Store, because Plaintiffs was physically disabled.

70.     Defendants also violated California Civil Code §§54 and 54.1 by violating Plaintiffs rights under the ADA.

71.     California Code §55 provides that:

> Any person who is aggrieved or potentially aggrieved by a violation of Section 54 or 54.1 of this code, Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code, or Part 5.5 (commencing with Section 19955) of Division 13 of the Health and Safety Code may bring an action to enjoin the violation.  The prevailing party in the action shall be entitled to recover reasonable attorney's fees.

72.     California Code §54.3(a) provides, in part, that:

> Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in §§54 and 54.1 or otherwise interferes with the rights of an individual with a disability under §§54 [and] 54.1...is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000), and attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in §§54 [and] 54.1.

73.     A separate violation of California Civil Code §54.3(a) was committed EACH DAY Defendants violated, or interfered with Plaintiffs rights under California Civil Code §§54 and 54.1 during Plaintiffs visit to the Store.

74.     A separate violation of California Civil Code §54.3(a) was committed EACH DAY Plaintiffs were deterred from visiting the Store, because Plaintiffs had actual notice that Defendants intended to violate, or interfered with, Plaintiffs rights under California Civil Code §§54 and 54.1 during Plaintiffs visit to the Store.

75.     Defendants' acts and omissions constitute a denial of equal access to use and enjoyment of these facilities by persons with disabilities, including

**Plaintiffs' Complaint**                                          **Hubbard v. Rite Aid, et al**

1   Plaintiffs.   These acts and omissions also violate Title 24, and constitute

2   discrimination against Plaintiffs, because Plaintiffs are unable to use the Store on

3   a full and equal basis, as other persons.

4      76.   Defendants' wrongful conduct damaged Plaintiffs. Therefore,

5   Plaintiffs seek the relief afforded by the Disabled Persons Act.[39]

6      77.   Plaintiffs seek general and special damages, actual damages,

7   statutory damages, declaratory relief and any other relief available pursuant to

8   California Civil Code §54.3, for each violation of California Civil Code §§54 and

9   54.1.

10      78.   This relief includes statutory minimum damages for each actual

11   visit and incident of deterrence.

12      79.   Plaintiffs also seek injunctive relief pursuant to California Civil Code

13   §§54, 54.1, and 55.

14      80.   Because of Defendants' acts and/or omissions, Plaintiffs incurred

15   legal expenses to enforce Plaintiffs rights and the laws protecting access for, and

16   preventing discrimination against, persons with physical disabilities.

17      81.   Therefore, Plaintiffs seek recovery in this lawsuit for all reasonable

18   attorneys' fees incurred pursuant to California Civil Code §§54.3 and 55.

19      82.   Additionally, Plaintiffs lawsuit is intended not only to obtain relief for

20   Plaintiffs, but also compel Defendants to make the Store accessible to all

21   members of the public with disabilities, justifying public's interest in attorneys'

22   fees pursuant to the provisions of the California Code of Civil Procedure

23   §1021.5.

## IX. FOURTH CLAIM

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### California Civil Code §§51, 51.5 and 52.

---

[39]   Civil Code §§54, 54.1, 54.3 and 55.

**Plaintiffs' Complaint**                    **Hubbard v. Rite Aid, et al**

83.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 38, and 53 through 66.

84.     The Unruh Civil Rights Act states, in part, that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their...disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section. [40]

85.     The Unruh Civil Rights Act also states, in part, that:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state because of the...disability of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers, because the person is perceived to have one or more of those characteristics, or because the person is associated with a person who has, or is perceived to have, any of those characteristics. [41]

86.     Defendants' aforementioned acts and omissions denied Plaintiffs the full and equal accommodations, advantages, facilities, privileges and services in a business establishment, because of a physical disability, in violation of the Unruh Civil Rights Act.[42]

87.     California Code §52 provides, in part, that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 or 51.5, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51 or 51.5.[43]

---

[40]   California Civil Code §51.
[41]   California Civil Code §51.5.
[42]   California Civil Code §§51 and 51.5.
[43]   California Civil Code §52(a).

**Plaintiffs' Complaint**                                                **Hubbard v. Rite Aid, et al**

88.     A separate violation of California Civil Code §52(a) was committed EACH DAY Defendants violated, or interfered with, Plaintiffs rights under California Civil Code §§51 and 51.5 during Plaintiffs visit to the Store.

89.     A separate violation of California Civil Code §52(a) was committed EACH DAY Plaintiffs were deterred from visiting the Store, because Plaintiffs had actual notice that Defendants intended to violate, or interfered with, Plaintiffs rights under California Civil Code §§51 and 51.5 during Plaintiffs visit to the Store.

90.     Plaintiffs were damaged by Defendants' wrongful conduct. Accordingly, Plaintiffs seek the relief afforded by Civil Code §52, including general and special damages, actual damages, statutory damages, declaratory relief and any other relief available pursuant to California Civil Code §52, for each violation of California Civil Code §§51 and 51.5.

91.     This relief includes statutory minimum damages for each actual visit and incident of deterrence.

92.     Plaintiffs seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred pursuant to California Civil Code §52(a).

93.     Additionally, Plaintiffs lawsuit is intended not only to obtain compensation for damages to Plaintiffs, but also compel Defendants to make the Store accessible to all members of the public with disabilities, justifying the public's interest in attorneys' fees pursuant to the provisions of the California Code of Civil Procedure §1021.5.

94.     Plaintiffs are not seeking any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by the State Architect and California statute.

**Plaintiffs' Complaint**                                                **Hubbard v. Rite Aid, et al**

# X. FIFTH CLAIM

## DENIAL OF FULL AND EQUAL ACCESS TO A PERSON

## WITH PHYSICAL DISABILITIES IN A PUBLIC FACILITIES

### Health and Safety Code §§19955 et seq.

95.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 38.

96.   Part 5.5 of the Health and Safety Code, entitled Access to Public Accommodations by Physically Handicapped Persons, provides the following:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.
>
> When sanitary facilities are made available for the public, clients, or employees in such accommodations or facilities, they shall be made available for the physically handicapped.
>
> Any new requirements imposed by the amendments to this section enacted by the Legislature at its 1973-74 Regular Session shall only apply to public accommodations or facilities constructed on or after the effective date of the amendments.[44]

97.   Health and Safety Code §19959, Alteration of Existing Public Accommodations, provides:

> Every existing public accommodation constructed prior to July 1, 1970, which is not exempted by Section 19956, shall be subject to the requirements of this chapter when any alterations, structural repairs or additions are made to such public accommodation. This requirement shall only apply to the area of specific alteration, structural repair or addition and shall not be construed to mean that the entire building or facility is subject to this chapter.[45]

98.   On information and belief, portions of the Store were constructed and/or altered after July 1, 1970, and substantial portions of the Store had

---

[44]   Health and Safety Code §19955(a).
[45]   Health and Safety Code §19959.

**Plaintiffs' Complaint**                                                    **Hubbard v. Rite Aid, et al**

alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Store to be subject to the requirements of Health and Safety Code, Part 5.5.[46]

99.    On information and belief, all buildings and facilities at the Store were required to conform to each of the standards and specifications described in the American Standards Association Specifications ("ANSI") and/or those contained in Title 24.

100.    The Store is public accommodation or facility within the meaning of Health and Safety Code §19955 et seq.

101.    On information and belief, Plaintiffs allege that Defendants caused the Store to be constructed, altered and maintained in such a manner that a physically disabled person is denied full and equal access to the Store.

102.    On information and belief, the Store denied full and equal access to Plaintiffs and other persons with physical disabilities in other respects due to non-compliance with requirements of Title 24 and Health and Safety Code §§19955, et seq.

103.    Health and Safety Code §19953 provides that:

> Any person who is aggrieved or potentially aggrieved by a violation of this part, Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code, or Part 5.5 (commencing with Section 19955) of Division 13 of the Health and Safety Code may bring an action to enjoin the violation. The prevailing party in the action shall be entitled to recover reasonable attorney's fees.

104.    Plaintiffs incurred legal expenses in order to enforce Plaintiffs civil rights, enforce provisions of the law protecting access for, and preventing discrimination against, persons with physical disabilities (an important right affecting the public interest).

---

[46]    Health and Safety Code §§19955, *et seq.*

**Plaintiffs' Complaint**                                      **Hubbard v. Rite Aid, et al**

1    105.   Plaintiffs, therefore, seek recovery of all reasonable attorneys' fees

2    incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.

3    106.   Plaintiffs additionally seek attorneys' fees pursuant to Health and

4    Safety Code §19953.

5    ## XI. SIXTH CLAIM

6    ### UNFAIR BUSINESS PRACTICES

7    **Business and Professions Code §§17200 et seq.**

8    107.   Plaintiffs replead and incorporate by reference, as if fully set forth

9    again herein, the allegations contained in paragraphs 1 through 108.

10   108.   California Business and Professions Code §17203 provides that:

11
12   > Any person who engages, has engaged, or proposes to engage in unfair
     > competition may be enjoined in any court of competent jurisdiction.  The court
     > may make such orders or judgments, including the appointment of a receiver, as
13   > may be necessary to prevent the use or employment by any person of any
     > practice which constitutes unfair competition, as defined in this chapter, or as may
14   > be necessary to restore to any person in interest any money or property, real or
     > personal, which may have been acquired by means of such unfair competition.[47]

15

16   109.   California Business and Professions Code §17200 defines "unfair

17   competition" to mean:

18   > As used in this chapter, unfair competition shall mean and include any unlawful,
     > unfair or fraudulent business act or practice and unfair, deceptive, untrue or
19   > misleading advertising and any act prohibited by Chapter 1 (commencing with
     > Section 17500) of Part 3 of Division 7 of the Business and Professions Code.[48]
20

21   110.   Beginning January 26, 1992, Defendants began their ongoing

22   conduct of violating state and Federal statutes to deny Plaintiffs, and all other

23   disabled persons, equal access to the Store.

24   111.   Defendants business practices were "unlawful" in that they violated

25   Health and Safety Code Part 5.5, the Disabled Persons Act, the Unruh Civil

26
27
28
---
[47]   California Business and Professions Code §17203.
[48]   California Business and Professions Code §17200.

**Plaintiffs' Complaint**                                    **Hubbard v. Rite Aid, et al**

Rights Act, and Title III of the Americans with Disabilities Act, and may be enjoined under Business & Profession Code §17203.

112.    Defendants performed the above-mentioned acts for the purpose of discriminating against, and causing emotional harm to, persons with physical disabilities.

113.    Defendants threaten to continue denying physically disabled persons access to the Store.

114.    Plaintiffs, are natural persons acting for the interests of disabled persons and the general public, are entitled to bring this action for relief, which includes, but is not limited to, equitable remedies, such as injunctive and restitutionary relief.

115.    As a proximate result of the above-mentioned acts, Plaintiffs were deprived of the opportunity to patronize the Store; Plaintiffs seeks restitution in a sum to be determined in accordance to the proof.

## XI. SEVENTH CLAIM

### Negligence Per Se

#### California Civil Code §1714

116.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 66 of this complaint.

117.    Defendants, negligently violated statutes, ordinances, or regulations, including but not limited to, Title III of the Americans with Disabilities Act, Health and Safety Code Part 5.5, the UBC, Title 24, and ADAAG.

118.    Defendants had a duty to comply with the aforementioned statutes, ordinances, or regulations.

119.    Plaintiffs are members of the class of persons for whose protection the statutes, ordinances, or regulations were adopted.

**Plaintiffs' Complaint**                                      **Hubbard v. Rite Aid, et al**

120.   Defendants breach of duty to comply with statutes, ordinances, or regulations resulted in foreseeable injury to the Plaintiffs.

121.   The injury to Plaintiffs resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent.

122.   Defendants knew, or should have known, that persons with physical disabilities were denied their rights of equal access to portions of the Store.

123.   Despite such knowledge, Defendants failed to take steps to comply with the applicable access statutes or grant full and equal access to persons with physical disabilities in respects complained of hereinabove.

124.   Plaintiffs suffered physical and emotional damages expectedly, normally and naturally associated with a civil rights violation.[49]

125.   Despite knowledge of the damage suffered by Plaintiffs, and other similarly situated persons with disabilities, Defendants carried out a course of conduct of refusing comply with their legal obligations to make the Store accessible.

126.   Such actions and continuing course of conduct by Defendants evidence despicable conduct in conscious disregard for the rights or safety of Plaintiffs and  or other similarly situated persons, justifying an award for exemplary and punitive damages pursuant to California Civil Code §3294.

127.   Defendants' oppressive actions evince malicious intent toward persons with physical disabilities and other members of the public.

128.   Furthermore, Defendants' refusal on a day-to-day basis to correct these problems evinces despicable conduct in conscious disregard for the rights of Plaintiffs and other members of the public with physical disabilities.

---

[49]   Hudge v. Seiler, 558 F.2d 284 (5th Cir. 1977).

**Plaintiffs' Complaint**                                             **Hubbard v. Rite Aid, et al**

129.   Plaintiffs pray for an award of punitive damages against the Defendants pursuant to Civil Code §3294 in an amount sufficient to make a more profound example of Defendants and discourage others from willful disregard of the rights of persons with physical disabilities.

130.   Plaintiffs do not know the financial worth of Defendants, or the amount of punitive damages sufficient to accomplish the public purposes of California Civil Code §3294 and seeks leave to amend this complaint when such facts are known.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against the Defendants for:

1.   For injunctive relief, compelling Defendants to remove architectural barriers at the Store, that are structural in nature, where such removal is readily achievable;

2.   For injunctive relief, compelling Defendants to make goods, services, facilities, privileges, advantages, or accommodations available through alternative methods, when such methods are readily achievable, if the defendants can demonstrate that the removal of a barrier under Title III of the ADA is not readily achievable;

3.   For injunctive relief, compelling Defendants to comply with Title 24 and the ADAAG at the Store;

4.   Any other relief provided by 42 U.S.C. §2000(a)-3(a);

5.   Any other injunction the Court deems proper;

6.   For declaratory relief that Defendants violated Title III of the ADA for the purposes of Unruh Act and Disabled Persons Act damages;

7.   General and special damages in the amount of $100,000.00;

8.   Statutory minimum damages under either California Civil Code §52(a) or California Civil Code §54.3(a), but not both, for each actual visit or incident of deterrence (according to the proof);

1  | 9.   For attorneys' fees, litigation expenses and costs of suit pursuant to:

2  |     • 42 U.S.C. §12205;

3  |     • California Civil Code §52;

4  |     • California Civil Code §54.3;

5  |     • California Civil Code §55;

6  |     • California Code of Civil Procedure §1021.5; and

7  |     • California Health and Safety Code §19953;

8  | 10.  Interest at the legal rate from the date of the filing of this action;

9  | 11.  Punitive damages pursuant to Civil Code §3294;

10 | 12.  Prejudgment interest pursuant to Civil Code §3291; and

11 | 13.  Such other and further relief as the court may deem proper.

12 | DATED: December 17, 2002              LAW OFFICES OF LYNN HUBBARD

LYNN HUBBARD, III
Attorney for Plaintiffs

JS 44
(Rev. 07/89)

**CIVIL COVER SHEET** ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS** '02 CV 2497 J (CJAH) **DEFENDANTS**

Lynn J Hubbard, Barbara J. Hubbard

Rite Aid Corporation; Ciuffo Family Trust B, et al,; Avocado Plaza LLC and Does 1 through 20

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___San Diego___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

FILED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lynn Hubbard, III - SBN 69773
LAW OFFICES OF LYNN HUBBARD, III
12 Williamsburg Lane, Chico, Ca 95926
(530) 895-3252

ATTORNEYS (IF KNOWN)

DEC 1 8 2002

CLERK, U.S. DISTRICT COURT

**II. BASIS OF JURISDICTION** (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
XX 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** CALIFORNIA (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. Section 12100, et seq.
Ongoing violations of the ADA construction standards

**V. NATURE OF SUIT** (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | XX 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
**DEMAND $**
excess $75,000.00
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES XX NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE December 17, 2002 SIGNATURE OF ATTORNEY OF RECORD

Pd/8/50.00  Receipt # 89698

UNITED STATES DISTRICT COURT